

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:

Opinion No. O-3077
Re: May the commissioners'
court of a county of
17,066 population ad-
vance money to pay the
deputies of a county
tax assessor-collector.

That portion of your letter of January 22, requesting
an opinion of this department, reads as follows:

"Wilson County has a population of 17,066;

"* * *.

"Please advise me whether or not the Com-
missioners' court of Wilson County may at their
discretion, or is it mandatory, that they ad-
vance the necessary sums to the Assessor and
Collector, if requested, for the purpose above
stated."

Article 3937, Vernon's Annotated Civil Statutes, to
which you refer in your letter, contains the following provision
applicable to your question:

"* * *. The Commissioners Court shall
allow the Assessor of taxes such sums of money
to be paid monthly from the County Treasury as
may be necessary to pay for clerical work, tak-
ing assessments and making out the tax rolls
of the county, but such sums so allowed to be
deducted from the amount allowed to the Assessor
as compensation upon the completion of said Tax
rolls, provided the amount allowed the Assessor

Honorable D. Richard Voges, Page 2

> by the Commissioners Court shall not exceed
> the compensation that may be due the county
> to him for assessing.
>
> "* * *."

The foregoing provision was originally in the Article as appears from the 1925 Revised Statutes previous to the inclusion of the preceding proviso section now appearing, which latter section was inserted in the amendment of the Article by the 42nd Legislature, Regular Session, Acts 1931. Being carried forward in all amendments subsequent to the Acts of the 39th Legislature, Article 3937, Revised Civil Statutes, 1925, in substantially the same language, the provision above quoted is not limited in its application to only those counties mentioned in the proviso preceding.

In construing such provisos, Sutherland on Statutory Construction, Section 223, p. 296, states:

> "If it be a proviso to a particular section,
> it does not apply to others unless plainly in-
> tended. It should be construed with reference
> to the immediately preceding parts of the clause
> to which it is attached. In other words, the
> proviso will be so restricted in the absence of
> anything in its terms, or the subject it deals
> with, evincing an intention to give it a broader
> effect."

It is noted that as to such sums as may be necessary to pay for clerical work, taking assessments and making out the tax rolls of the county, the statute requires the commissioners' court to allow same monthly, further providing that such amount as allowed is to be deducted from the amount of compensation allowed the assessor for assessing the property and not to exceed such amount. The making of such advancements as may be necessary, a fact to be determined by the commissioners' court upon proper and timely application by the tax assessor, may, under such findings, be said to be mandatory.

Your are advised, therefore, that in the opinion of this department it is the duty of the commissioners' court to make advancement of such monthly sums to the tax assessor-collector as

Honorable D. Richard Voges, Page 3

are determined by the court to be necessary to pay for clerical work, taking assessments and making out the tax rolls of the county as provided in Article 3937, Vernon's Annotated Civil Statutes, which includes the salaries of those deputies assigned to such duties.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

VJRK:RS

APPROVED FEB 12, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN